*In re* R.A.L. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Tonya Prince, Respondent-Appellant).

Fourth District    No. 4—00—0906

Opinion filed April 2, 2001.

Daniel B. Kennedy, of Champaign, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Respondent, Tonya Prince, is the mother of R.A.L. (born December 16, 1991), M.A.L. (born May 5, 1994), and R.A.P. (born May 14, 1996). The children were removed from her care due to a history of domestic violence, inappropriate supervision, and other environmental factors. The children were found to be neglected and made wards of the court in 1995. All three children reside in foster care.

In 1999, the State filed a petition to terminate parental rights, alleging that Prince was unable to discharge her parental responsibilities due to her mental impairment, mental illness, or mental retardation. 750 ILCS 50/1(D)(p) (West 1998). After a subsequent permanency review hearing, the goal was changed from "substitute care pending return home within a period not to exceed one year" to "substitute care pending court determination on termination of parental rights." A review hearing was held again on September 27, 2000, and the trial court retained the goal of substitute care pending court determination. Prince contends that the trial court's findings at the September 2000 hearing were inadequate.

■ The trial court is given broad discretion to select a permanency goal in the best interests of the children. Accordingly, the trial court's decision regarding a permanency goal is entitled to deference and will

not be disturbed on appeal unless contrary to the manifest weight of the evidence. *In re D.S.*, 317 Ill. App. 3d 467, 472, 740 N.E.2d 54, 58 (2000). Here, however, Prince is challenging the trial court's compliance with section 2—28(2) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—28(2) (West 1998)). Specifically, Prince directs us to the provision that provides: "In selecting any permanency goal, the court shall indicate in writing the reasons the goal was selected and why the preceding goals were ruled out." 705 ILCS 405/2—28(2) (West 1998).

Prince cites our decision in *In re K.H.*, 313 Ill. App. 3d 675, 730 N.E.2d 131 (2000), to support her argument that the trial court's order violated section 2—28(2) of the Act. In *K.H.*, we affirmed the trial court's decision to change the permanency goal but remanded for compliance with the requirement that the court indicate in writing the reasons the particular goal was selected and why other permanency goals were ruled out. *K.H.*, 313 Ill. App. 3d at 683, 730 N.E.2d at 137. There, the trial court used a form permanency order and simply checked the box indicating that the goal had been changed to substitute care pending court determination on the petition to terminate parental rights. No additional detail was provided, clearly violating the requirements of the Act. We remanded and recommended that "the trial court reevaluate the standardized forms used in such proceedings to ensure adherence to the current procedural mandates." *K.H.*, 313 Ill. App. 3d at 683, 730 N.E.2d at 137.

■ The order at issue here differs from the order in *K.H.* The trial court filed a written order stating that the court had considered the previously established permanency goal, the most recent service plans, all reports and evidence presented at prior hearings, the court's prior findings and orders, and the recommendations of the parties. The court found that the Department of Children and Family Services (DCFS) had made reasonable efforts to achieve the prior permanency goal of return home. The court further indicated that Prince was unfit and unable to care for, protect, train, and discipline the children and that appropriate services aimed at family preservation and reunification had been unsuccessful in rectifying the conditions leading to the finding of unfitness. The court specifically noted that the children needed to remain in DCFS care because:

> "The parents have still not resolved the problems existing at the outset of this case; [respondent father] still keeps the house so cluttered, there is limited room for the children; neither parent implements the parenting techniques learned in counseling and parenting classes; they still show little ability to understand the children's needs."

In addition, the written order stated that the court had considered the factors listed in section 2—28(2) and all relevant circumstances. The trial court's order establishes the reasons for its choice of permanency goal and indicates why other permanency goals were not feasible, fulfilling the requirements of section 2—28(2). 705 ILCS 405/2—28(2) (West 1998).

As a final matter, Prince argues that the court automatically assigned the permanency goal at issue because the State had filed its petition to terminate parental rights. Prince argues that the order violates the Act's requirement that any permanency goal be in the best interests of the children. 705 ILCS 405/2—28 (West 1998). However, the trial court's order and remarks issued at the hearing demonstrate that the State's petition was not the sole basis for the choice of permanency goal. The choice had been made out of a concern for the best interests of the children in view of the age of this case, the fact that many of the court's concerns had not been met even after almost six years, and the failure of services to rectify the situation after a significant period of time. Based upon our review of the record, we find that the trial court's permanency goal was appropriate, properly issued, and within its discretion.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.